## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SERGEANT MARK CASEY                          :
                                             :    CIVIL ACTION
                                             :
                    *Plaintiff,*             :    No. _____
                                             :
            v.                               :    JURY TRIAL DEMANDED
                                             :
CITY OF PHILADELPHIA                         :
t/d/b/a PHILADELPHIA POLICE                  :
DEPARTMENT    and                            :
                                             :
CAPTAIN TYRELL MCCOY                         :
                                             :
                    *Defendants.*            :

## CIVIL ACTION COMPLAINT
## (SEXUAL HARASSMENT AND RETALIATION)

Sergeant Mark Casey, the Plaintiff named above, by and through the undersigned counsel, hereby asserts the following claims against the above-named Defendants:

### I.      Introduction

1.  Plaintiff Sergeant Mark Casey ("Plaintiff") has initiated the instant action to obtain redress for unlawful sexual harassment and discrimination.

2.  Plaintiff, a Sergeant with the Philadelphia Police Department, has been subjected to an ongoing and outrageous pattern of severe and pervasive sexual harassment by his male supervisor, Captain Tyrell McCoy, including requests for oral sex and other sexual favors, sexually-charged messages and comments, and physical kissing and groping.

1

## II.    **Parties**

3. Plaintiff an adult individual and resident of the state of Pennsylvania with an address as captioned above.

4. Defendant City of Philadelphia ("Defendant City") is a city of the first class in the Commonwealth of Pennsylvania with an address at 400 North Broad Street, Philadelphia, PA 19130.

5. Defendant Tyrell McCoy ("Defendant McCoy") is an adult male individual employed by the Defendant City of Philadelphia as a Captain in its police department.

6. Defendant McCoy holds Philadelphia Police Badge No. 37.

7. At all times relevant herein, Defendant McCoy acted in the course and scope of his employment for Defendant City.

8. At all times relevant herein, Defendant McCoy acted under color of state law.

9. At all times relevant hereto, the named Defendants acted individually and through their agents, servants, and employees, each of whom was in the course and scope of their employment.

## III.    **Jurisdiction and Venue**

10. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

11. The Court may properly maintain personal jurisdiction over the Defendants named herein because their contacts with the Commonwealth of Pennsylvania and the Eastern District of Pennsylvania are sufficient for the exercise of jurisdiction over them to comply with

traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

12. The Court may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction) because it arises under the laws of the United States, including: (a) Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* and (b) 42 U.S.C. § 1983 ("Civil Action for Deprivation of Rights").

13. The Court may also exercise supplemental jurisdiction over any state law claims made herein or later added against Defendant McCoy pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

14. Venue is properly laid in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendants regularly conduct business in this judicial district and because the acts and omissions giving rise to the claims set forth herein (including the harassment and discrimination suffered by Plaintiff) occurred exclusively in this judicial district.

## IV. <u>Administrative Remedies</u>

15. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

16. Plaintiff has satisfied the procedural and administrative requirements for proceeding under Title VII of the Civil Rights Act of 1964 as follows:

a.    Plaintiff filed a timely written charge of discrimination against Defendants with the Equal Employment Opportunity Commission On July 8, 2024 at Charge No. 530-2024-08044 alleging sexual harassment, racial discrimination and retaliation;

b.     The Equal Employment Opportunity Commission issued a Notice of Right to Sue to Plaintiff on the foregoing charge on or about February 6, 2025;

c.    The instant action is timely because it is initiated within ninety (90) days of the receipt of the aforementioned Notice;

d.    Plaintiff also cross-filed the aforementioned charge of discrimination with the Pennsylvania Human Relations Commission, and may amend this Complaint to assert a claim under the Pennsylvania Human Relations Act when that claim is ripe.

## V.    Factual Background

17. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

18. Plaintiff is black and male.

19. Plaintiff is currently employed by the Philadelphia Police Department and holds the rank of Sergeant.

20. Plaintiff has been (and is still being) subjected to an ongoing, continuing and pervasive pattern of unwanted and offensive *quid pro quo* and hostile environment sexual harassment by Defendant McCoy.

4

21. Defendant McCoy is Plaintiff's superior and is also his Commanding Officer at the 9th Police District.

22. At all times relevant herein, Defendant McCoy maintained complete control over Plaintiff's life and workplace due to his position as Plaintiff's Captain.

23. Defendant McCoy has engaged in a continuous pattern of sexually harassing, abusive, and predatory behavior against Plaintiff that has caused Plaintiff intense stress and immeasurable anguish.

24. Plaintiff has also been sent sexually-harassing messages from Defendant McCoy constituting persistent sexual harassment and demanding a sexual relationship.

25. Plaintiff has always rebuffed Defendant McCoy's overtures, but he is now Plaintiff's Captain and has begun to weaponize his position of power to retaliate against Plaintiff for noncompliance with his sexual requests.

26. While an exhaustive list of Defendant McCoy's unlawful and harassing behaviors will not be set forth here, by way of example, on 06/10/2024, Defendant McCoy texted Plaintiff: "wyd tn [what are you doing tonight], I needed sum [sexual intercourse]." Plaintiff did not reply.

27. Captain McCoy then texted "Nvm Ho [never mind Ho]" to Plaintiff, implying Plaintiff was a "whore".

28. On 06/11/2024, Defendant McCoy falsely insinuated that Plaintiff was performing oral sex on his administrative Lieutenant, Jeff Hickson. Defendant McCoy then stated, "me next lmao."

29. Defendant McCoy also insisted that Plaintiff give him oral sex in his office via text message and sent Plaintiff various "emojis" (small digital icons intended to visually express ideas in electronic messages) of eggplant, water and tongues. These emojis are often used to describe sexual acts in text messages and are clearly recognized and understood as such.

30. Defendant McCoy has repeatedly asked Plaintiff for sexual favors during and outside of work hours, physically grabbed, groped, and kissed him without consent, and made consistent unwelcome sexual advances and remarks that Plaintiff has repeatedly refused.

31. Defendant McCoy has also treated Plaintiff as his personal servant and repeatedly ordered Plaintiff to drive him around the 9th Police District during and outside of business hours (despite having a designated driver assigned by the police department). Personal errands, such as obtaining food or ice cream, have been conducted by Defendant McCoy during these hours.

32. While requiring Plaintiff to drive him and assist him in errands as aforesaid, Defendant McCoy has verbally abused, demeaned, and humiliated Plaintiff, making derogatory comments such as "chop chop, Benson!" (a reference to a butler from a popular 1980's television series).

6

33. Defendant McCoy's behavior as aforesaid has created a hostile work environment for Plaintiff.

34. Defendant McCoy has also retaliated against Plaintiff for rejecting his advances and interfered with his ability to carry out his work effectively. Plaintiff is now afraid for his job.

35. Defendant McCoy has threatened Plaintiff and advised Plaintiff that he is "untouchable" in the Police Department due to his close working relationship with former Deputy Police Commissioner Robin Wimberly, who was the head of Professional Standards (IAB) in the Department. Plaintiff has been afraid to file a complaint due to the foregoing threats.

36. Defendant McCoy has also confirmed that he is aware of allegations of preferential treatment and racism by Lieutenant Brian Kulb (Badge No. 283) within his command. Plaintiff informed Defendant McCoy that Lt. Kulb subjected minority supervisors to disparate treatment.  By way of example, Lt. Kulb has required minority supervisors to sign off on all patrol logs (including those of squads that do not fall directly under them) while not subjecting  white supervisors to such a requirement.

37. Defendant McCoy stated to Plaintiff "You have to do more than white supervisors because you are black and [because of] your sexuality, that's just the way it is!" He has also stated "be patient, I'm probably going to move you to a new assignment, so you don't have to deal with Lt. Kulb" and that "if you are trying to be taken care of, you need to be more attentive to my needs!" (implying sexual needs).

7

38. Defendant McCoy has confirmed that he has been aware of the aforesaid preferential treatment and racism within his command via text messages to Plaintiff, and taken no action to rectify same.

39. On information and belief, Plaintiff's internal complaints against Defendant McCoy were not kept confidential and were "leaked" to the press by agents of Defendant City in or about January of 2025 when Defendant McCoy attempted to obtain employment as chief of police for the city of Hartford, Connecticut.   He has since withdrawn that application.

### COUNT I – TITLE VII VIOLATIONS
### HOSTILE ENVIRONMENT AND *QUID PRO QUO* SEXUAL
### HARASSMENT AND RETALIATION
### Plaintiff v. Defendant City

40. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

41.  Plaintiff has been subjected to a severe and pervasive pattern of hostile environment and *quid pro quo* sexual harassment in violation of Title VII of the Civil Rights Act of  1964.

42. The foregoing harassment was severe, pervasive, offensive, and unwelcome.

43. The foregoing harassment affected the terms and conditions of Plaintiff's employment.

44. Plaintiff has also been subjected to a severe and pervasive pattern of unlawful retaliation in violation of Title VII of the Civil Rights Act of  1964.

45. The forgoing behavior constitutes a continuing violation pursuant to Title VII of the Civil Rights Act of 1964.

8

46. On information and belief, Defendant City and its agents /employees were aware of Defendant McCoy's sexually-harassing conduct as aforesaid and failed to take action to stop it.

47. Defendant City is and was aware that there were past complaints against Defendant McCoy but failed to take action on those complaints.

48. Plaintiff has sustained damages as a result of the foregoing harassment and retaliation.

**COUNT II – CIVIL RIGHTS VIOLATIONS**
**42 U.S.C. § 1983**
**<u>Plaintiff v. Defendant McCoy</u>**

49. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

50. In acting as aforesaid, Defendant McCoy, acting under color of state law, violated Plaintiff's rights under the United States Constitution.

51. Defendant McCoy has acted intentionally to harm Plaintiff and has acted with bad faith and malice.

52. The actions of Defendant McCoy as set forth above were despicable and outrageous, evidenced a willful indifference to Plaintiff's rights under the United States Constitution, and were an abrogation of Defendant McCoy's duties and responsibilities as a law enforcement officer.

53. An award of punitive damages is necessary to redress Defendant McCoy's outrageous conduct as aforesaid and to ensure that no further Constitutional violations occur.

*AD DAMNUM* **CLAUSE**

WHEREFORE, Plaintiff respectfully requests the Court to grant him the following relief on the foregoing claims:

A.   That judgment be entered against Defendants on the claims set forth herein;

B.   That Plaintiff be awarded actual damages, including lost pay and damages for the pain, suffering, and humiliation caused to Plaintiff by Defendants;

C.   That Plaintiff be awarded punitive damages in an amount believed by the trier of fact to appropriately punish Defendants for their willful, malicious, deliberate, and outrageous conduct and to deter them from engaging in future misconduct;

D.   That Plaintiff be granted all other legal, equitable or injunctive relief the Court deems just and proper;

E.   That Plaintiff is to be awarded the costs and expenses of this action;

F.   That Plaintiff be awarded reasonable attorneys' fees and costs of suit;

G.   That Plaintiff's claims against Defendants be tried to a jury to the extent permitted by applicable law.

Respectfully submitted,

WAYNE A. ELY

BY:    /S/    Wayne A. Ely
       Wayne A. Ely, Esquire
       Attorney for Plaintiff
       59 Andrea Drive
       Richboro, Pennsylvania 18954
       (215) 801-7979

March 6, 2025

11