IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SERGEANT MARK CASEY | : CIVIL ACTON |
| | : |
| *Plaintiff,* | : No. 2:25-cv-01199 |
| v. | : |
| | : |
| CITY OF PHILADELPHIA t/d/b/a | : |
| PHILADELPHIA POLICE DEPARTMENT and | : |
| CAPTAIN TYRELL MCCOY | : |
| | : |
| *Defendants.* | : |

### PLAINTIFF'S RESPONSE TO DFENDANT TYRELL MCCOY'S MOTION TO COMPEL

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted. By way of further answer, *Plaintiff in fact did so.* *See* Exhibit "1" (June 24, 2025 email from Defendant City's counsel providing deposition dates); Exhibit "2" (June 24, 2025 email from Defendant McCoy's counsel providing deposition dates); and Exhibit "3" (July 3, 2025 email from Plaintiff's counsel offering multiple dates based on the schedule provided by counsel in Exhibits "1" and "2" *and accepting every available date* except July 7). The dates that were offered by Defendants and accepted by Plaintiff were: August 1, August 6, August 7, August 11, August 14, and August 15. *See* Exhibit "3". *Defendants have not selected any dates from this list as of this filing despite having the response for a week.*

5. Admitted.

6. Denied. It is simply *not correct* that Plaintiff has not been responsive to requests for

1

deposition dates. He *has,* as set forth in paragraph 4 and Exhibits "3" and "4", *supra.* He has also agreed to allow full imaging of his City cellular phone as the City requested in an email of July 10th. Plaintiff responded *the next day.* See Exhibit "4" (July 10 email from Defendant City's attorney and July 11 response from Plaintiff).

7. Admitted. These were responded to in a timely manner. *See infra.*

8. Admitted. These City requests are not at issue here and are not due for answer until *July 15, 2025*. Plaintiff has confirmed they will be answered by that date. *See* attached Exhibit "4".

9. Denied that there were "blanket objections" asserted. The objections were substantive and based on the overbroad, wide-ranging, and disproportional nature of Defendant McCoy's requests. Moreover, Plaintiff has objected to wholesale imaging of his *personal* cellular phone, as there has been no showing that sch an invasion of privacy is necessary given the needs of this case. He has agreed to allow full imaging of his *City* cellular phone as noted *supra* in paragraph 8 and Exhibit "4". *Since the service of the objections, Defendant McCoy's counsel has also made no effort to confer and reach agreement on the objections.* He has simply filed a motion with the Court.

10. Denied. Plaintiff referred Defendant McCoy's counsel to the myriad of documents he produced during the extensive City investigation of his internal affairs complaint, and this included *all relevant documentation and communications* upon which his sexual harassment claim is based. That information is *extensive* and all parties have been provided with it by Defendant City..

11. Admitted. By way of further answer, a response *is not due until July 15. See* answer to paragraph 8 and attached Exhibit "4".

12. Admitted. Plaintiff objected to the request as set forth in Defendant McCoy's Exhibit

"B". There has been no showing that wholesale imaging of a plaintiff's entire cellular phone and *every communication he has ever had – with anyone –* is either relevant or proportional, particularly where (as here) Plaintiff has *not* opposed imaging of his City cellular device. This request is for purposes of harassment, not discovery. It is worthy of note that Defendant City has *not* sought wholesale imaging of Plaintiff's *personal* cellular device, only his City device. And Plaintiff has not opposed that request.

13. Admitted. By way of further answer, those messages have been produced to Defendant City in the context of its investigation, and since provided by Defendant City *to all parties*.

14. Admitted. Plaintiff *preserved* the device as requested. He has not agreed to *produce* it, as such production is unreasonable and not proportional. Defendant McCoy is on a classic "fishing expedition." His counsel have also not attempted to confer with Plaintiff's counsel since the assertion of the objections in Exhibit "B".

15. Denied as stated. The formal request for imaging was properly objected to as to the *personal* device. There is no issue as to the *City-owned* device. *See supra* and Defendant's Exhibit "B".

16. Denied that Plaintiff has failed to respond. Indeed, he has raised timely objections. *See* Defendant McCoy's Exhibit "B".

17. Denied. The only deposition date offered prior to the settlement conference was *July 7*. Plaintiff's counsel confirmed he was unavailable on that date and agreed to every August date offered by Defendants. *See* Exhibit "3". There has been no response to those dates in the one-week period since that communication was sent.

18. Admitted. And Plaintiff responded as aforesaid.

19. Denied as stated. *See* Exhibit "3".

3

20. Denied as stated. Plaintiff accepted every August date that was offered. *See* Exhibit "3". It was only on June 25 that Defendant McCoy's counsel insisted the deposition be scheduled *within 12 days (i.e.:* on July 7). On June 24, 2025, when proposed dates were provided by Defendant McCoy's counsel, the August dates were acceptable to them. *See* Exhibit "2". On June 25, they suddenly *insisted* on July 7.

21. Admitted.

22. Denied as stated. The request cited by Defendant McCoy was overbroad and intrusive, and properly objected to as such. Defendant McCoy has provided no basis on which the objections should be overruled so Plaintiff may make a more substantive response.

23. Denied as stated. The request cited by Defendant McCoy was overbroad and intrusive, and properly objected to as such.

24. Denied as stated. Defendant McCoy's counsel have made no effort to discuss and address the objections at issue before filing a motion to compel.

25. Denied as a conclusion of law. By way of further answer, Plaintiff's answers and objections were timely, were not a failure to "respond," and were not evasive. Defendant McCoy has failed to show otherwise and failed to make any effort to address the objections with Plaintiff's counsel before seeking unnecessary relief from the Court.

WHEREFORE, Plaintiff respectfully requests that Defendant McCoy's motion be denied.

Respectfully submitted,

*S/* Wayne A. Ely
Wayne A. Ely, Esquire
59 Andrea Drive
Richboro, PA 18954
(215) 801-7979

July 11, 2025

4